[No. 36336. Department One. November 1, 1962.]

JOSEPH S. ENGLER, *Respondent*, v. FAY TUCKER, *Appellant*.*

*Reported in 375 P. (2d) 497.

*Raftis & Raftis,* for appellant.

*Delbert R. Scoles* and *Robert D. Skidmore,* for respondent.

ROSELLINI, J.—In 1952, the plaintiff and his wife purchased certain real property in Kettle Falls, Washington, for which they paid $11,600. A mortgage was placed on the property, and in 1957, the balance due on this mortgage had been reduced to approximately $7,000. At that time, the plaintiff was in arrears in his payments, and the mortgagees were threatening to foreclose. On the advice of his attorney, the plaintiff sought a purchaser and found one in the person of the defendant.

On February 24, 1958, by warranty deed reciting the receipt of "One Dollar and other Valuable Consideration," plaintiff conveyed the property to the defendant.

On May 23, 1960, this action was instituted, the plaintiff claiming that the defendant had agreed that the value of the property was in excess of $12,000, and that he would obtain title to and convey to the plaintiff a four-room house of a minimum value of $6,000 as a part of the consideration for the transfer of the property. The balance of the consideration was to be the payment of the mortgage debt (which the defendant later compromised at approximately $6,200). It was alleged that the defendant had failed and refused to comply with this agreement or to compensate the plaintiff in any way for his interest in the property.

The plaintiff prayed for specific performance of the agreement, or in the alternative, for a money judgment.

It was also alleged that the defendant had agreed to allow the plaintiff to remain on the property until a suitable dwelling house was found, and that he did reside there until

evicted in an unlawful detainer action. Other allegations in the complaint are not material on this appeal.

The cause was tried to the court; and on conflicting testimony, the trial court found that the defendant had agreed to compensate the plaintiff for his interest in the property, said compensation to be in the form of the conveyance by the defendant to the plaintiff of a suitable dwelling house of a minimum value of $2,500, and that this promise was the consideration for the conveyance of the property by the plaintiff and had not been performed.

The court concluded that the agreement was not specifically enforcible, but that the plaintiff was entitled to equitable relief in the form of a money judgment for $2,500; and such relief was decreed.

It is first contended by the defendant that the trial court's finding regarding the alleged agreement was not supported by the record. The gist of his argument is that the testimony of the plaintiff was inconsistent in many respects, and that the defendant had consistently denied making any agreement. However, there was testimony by the defendant's expert appraiser that the property was worth $10,000 at the time of the sale, and the attorney who drew the deed for the parties testified that he had gained from the defendant, at the time, the impression that he had made an oral agreement to secure a house for the plaintiff, but that the type of house which he described would have a value of about $2,500. He also testified that the defendant refused to execute a written agreement, saying that the plaintiff should trust him (because he was a Christian), and that if the plaintiff would not rely on his word, he would not go through with the purchase.

This testimony was believed by the trial court and was sufficient to sustain the finding that such an agreement had been made.

■ The trial court held that testimony regarding the agreement was admissible under the rule that parol evidence is admissible to show the true consideration of a written agreement. This rule, with authorities, is set forth

in *Zackovich v. Jasmont*, 32 Wn. (2d) 73, 200 P. (2d) 742, and the appellant does not question its applicability to the present case. Even though the consideration is contractual in nature, as it is here, evidence concerning it can be received if the instrument is incomplete on its face and does not purport to contain all of the terms of the agreement. *Von Herberg v. Von Herberg*, 6 Wn. (2d) 100, 106 P. (2d) 737.

It is urged by the defendant, however, that proof of the agreement is barred by the statute of frauds, because it pertains to a conveyance of land.

RCW 64.04.010 provides:

"Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed  . . ."

█ It is true that this statute bars a decree of specific performance of the contract. But the plaintiff is not without a remedy. As the rule is stated in Restatement, Restitution § 180:

"Where the owner of an interest in land transfers it to another who orally agrees to transfer other land in exchange therefor, and the agreement is unenforceable because of the Statute of Frauds and the transferee refuses to perform it, he holds upon a constructive trust for the transferor the interest transferred to him."

As is stated in Comment b under this section, although evidence of the oral contract is not admissible for the purpose of enforcing the contract, it is admissible to show the circumstances under which the transferee received the land and to show that he would be unjustly enriched if he were permitted to keep it. The transferor is entitled to specific restitution, and the transferee holds the land transferred to him upon a constructive trust for the transferor. This is true whether or not the transfer was procured by fraud of the transferee.

The defendant contended that the plaintiff is not entitled to any relief because he failed to prove that the conveyance was induced by fraud, and cites the case of *Dowgialla v.*

*Knevage,* 48 Wn. (2d) 326, 294 P. (2d) 393, as authority for that proposition. The *Dowgialla* case involved an express oral trust in land conveyed by the plaintiff to the defendant, and not a sale of land for a consideration which failed. It is therefore not in point.

In a case where there is only a partial failure of consideration, a money judgment is proper. *Hewett v. Dole,* 69 Wash. 163, 124 Pac. 374. The trial court found that the reasonable value of the mortgagor's interest for which no consideration was paid, was $2,500. It did not err in entering judgment in that amount.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.

*Reported in 375 P. (2d) 747.