# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JILL ROSENDAHL, | No. 58300-3-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| GINA JUSTICE, and all other persons asserting an interest in Kitsap County Parcel No. 4268-000-001-0404 | |
| Respondent. | |

MAXA, P.J. – Jill Rosendahl appeals the trial court's order granting summary judgment in favor of Gina Justice in her lawsuit against Justice relating to an alleged oral agreement to convey property.

Rosendahl conveyed property she owned to her sister Justice by quitclaim deed. Rosendahl claims that there was an oral agreement that she would convey the property to Justice so Justice could build a house on the property, but if Justice did not build a house on the property she would convey the property back to Rosendahl. When Justice listed the property for sale, Rosendahl filed a lawsuit against her.

Rosendahl argues that the trial court erred in granting summary judgment because there were factual issues regarding her claims for breach of contract, unjust enrichment, constructive trust, and quiet title. Justice argues there are no genuine issues of material fact and that all of Rosendahl's claims are barred by the statute of frauds, RCW 64.04.010.

We hold that (1) as a matter of law, Rosendahl cannot recover on her breach of contract claim; (2) there are genuine issues of material fact regarding Rosendahl's unjust enrichment and constructive trust claims; and (3) Rosendahl's quiet title claim remains viable depending on resolution of the constructive trust claim. Accordingly, we affirm the trial court's grant of summary judgment in favor of Justice regarding the breach of contract claim, but we reverse the trial court's grant of summary judgment in favor of Justice regarding the unjust enrichment, constructive trust, and quiet title claims and remand for further proceedings regarding those claims.

FACTS

*Background*

Rosendahl and Justice are sisters. In January 2015, Rosendahl conveyed by quitclaim deed a parcel of property ("the property") that she owned in Kitsap County to Justice. The quitclaim deed stated that the consideration for the transfer was "love & affection." Clerk's Papers (CP) at 119. Rosendahl filed a Real Estate Excise Tax Affidavit (REETA) in which she claimed a tax exemption because the transfer was a "gift without consideration." CP at 29.

Rosendahl alleged that she transferred the property to Justice because Justice planned to build a house on the property. And Rosendahl claimed that she and Justice had an agreement that if Justice did not build a house on the property, she would convey the property back to Rosendahl. However, Justice eventually purchased a house elsewhere and listed the property for sale. Rosendahl then filed suit against Justice to recover damages regarding Justice's breach of the alleged oral agreement to transfer the property back to Rosendahl and to quiet title.

Rosendahl's original complaint asserted causes of action for breach of contract, breach of the covenant of good faith and fair dealing, fraud, conversion, and quiet title. She later filed an

2

amended complaint in which she asserted additional causes of action for unjust enrichment and constructive trust. In the amended complaint, Rosendahl alleged that she deeded the property to Justice so Justice could obtain financing to build a house on the property. Rosendahl also alleged that she and Justice agreed that if Justice did not build a house on the property, she would convey the property back to Rosendahl.

*Summary Judgment Motions*

After Rosendahl filed her original complaint, Justice filed a summary judgment motion regarding the asserted claims. That motion was continued to allow Rosendahl to gather more evidence. Rosendahl subsequently agreed to dismiss her claims for breach of the covenant of good faith and fair dealing, fraud, and conversion.

After Rosendahl filed her amended complaint, Justice filed a second summary judgment motion. Justice argued that she was the owner of the property based on the quitclaim deed, the quitclaim deed was silent regarding any claimed agreement to convey the property back to Rosendahl, and the statute of frauds barred any oral contract to convey the property back to Rosendahl. Justice also argued that the statute of frauds barred Rosendahl's unjust enrichment and constructive trust claims and that the evidence did not support those claims.

In support of her motion, Justice relied on the quitclaim deed and the REETA that Rosendahl signed. She also relied on interrogatory answers that Rosendahl provided. In the interrogatory answers, Rosendahl stated, "The agreement was that Ms. Justice was going to build a home on the property for her to live in and, if she did not do so, she was to give the property back to me." CP at 101. However, Rosendahl admitted that "[t]here are no written agreements." CP at 101.

In opposition to summary judgment, Rosendahl submitted a declaration in which she stated:

> It was my goal and intention to create an area where a bunch of us family could live in close proximity. My sister Gina expressed eagerness to join in this if she could. She explored building a house on the property and told me she could only do it if the parcel was in her name, and to have my name even partially still on it would cause issues with getting the financing she needed. I discussed with her that I was perfectly fine doing that so long as she built there – and *if at any point she decided not to build there, she would transfer the parcel back to me. She stated that this was her agreement.* After the transfer was complete, she told me she needed time to work on financing to be able to build. For the next several years, it was my understanding based on my conversations with her that she was still pursuing this.
>
> Once she purchased a different home elsewhere and indicated definitively she was not going to be building there, I started trying to get her to transfer it back to me. Once she indicated she was going to list it for sale, I had no choice but to file this action to enforce our agreement.

CP at 42 (emphasis added).

Regarding the REETA, Rosendahl stated:

> I did sign the supplemental statement stating no consideration was given. In my transfer to Gina, no money changed hands. Gina did promise to give back the property if she didn't build on it, and no, I would not have transferred it to her without that promise. However, there is no way to place a value on her promise to do so. Her promise isn't something I could sell or cash in for value. My statement above my signature was accurate, as no money changed hands. The only thing I received in exchange for this property was a promise, by my sister, to return the property if she ended up not building – a promise that had no way of being valued.

CP at 43.

Rosendahl also submitted a declaration from Celia Rosendahl, Rosendahl's daughter and Justice's niece. The declaration stated:

> I spoke with my aunt Gina several times during that year and the following year. Aunt Gina was making plans to build, but said the property needed to be in her name to build. Her conversations were all consistent: she knew the property belonged to my mother, she would accept a transfer of the property into her name so she could build on it, and *if anything were to not work out, she would transfer it back to my mother* to use for a different family member.

4

CP at 47 (emphasis added).

After hearing argument from counsel, the trial court granted summary judgment in favor of Justice and dismissed all of Rosendahl's claims.

Rosendahl appeals the trial court's summary judgment order dismissing her claims.

## ANALYSIS

A.     SUMMARY JUDGMENT STANDARD

We review summary judgment orders de novo. *Mihaila v. Troth*, 21 Wn. App. 2d 227, 231, 505 P.3d 163 (2022). We view all evidence in the light most favorable to the nonmoving party, including reasonable inferences. *Id.* Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* A genuine issue of material fact exists if reasonable minds can come to different conclusions on a factual issue. *Id.*

The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Sartin v. Est. of McPike*, 15 Wn. App. 2d 163, 172, 475 P.3d 522 (2020). A moving defendant can meet this burden by demonstrating that the plaintiff cannot support their claim with any competent evidence. *Id.* If the defendant makes such a showing, the burden shifts to the plaintiff to present evidence that creates a genuine issue of material fact. *Id.* "Summary judgment is appropriate if a plaintiff fails to show sufficient evidence that creates a question of fact about an essential element on which he or she will have the burden of proof at trial." *Id.*

B.     BREACH OF CONTRACT

Rosendahl argues that the trial court erred in dismissing her claims for breach of contract because there is a genuine issue of material fact concerning the existence of an oral agreement

for Justice to convey the property back to Rosendahl.  We conclude that the statute of frauds bars this claim.

    1.   Legal Principles

The statute of frauds provides that conveyances of real property must be by deed.  RCW 64.04.010.  "Every deed shall be in writing, signed by the party bound thereby, and acknowledged by the party before some person authorized . . . to take acknowledgment of deeds."  RCW 64.04.020. An oral agreement that does not comply with the statute of frauds generally is unenforceable.  *See Firth v. Lu*, 146 Wn.2d 608, 614–15, 49 P.3d 117 (2002) (stating that an agreement is enforceable only if executed in the form of a deed).

When an agreement does not comply with RCW 64.04.010 and RCW 64.04.020 because it is not in writing, it may be proved and specifically enforced if there is sufficient part performance of the agreement.  *Berg v. Ting,* 125 Wn.2d 544, 556, 886 P.2d 564 (1995).  There are three factors for part performance: "(1) delivery and assumption of actual and exclusive possession; (2) payment or tender of consideration; and (3) the making of permanent, substantial and valuable improvements referable to the contract."  *Id.*

    2.   Analysis

Here, Rosendahl relies only on an oral agreement that Justice would convey the property back to Rosendahl if Justice did not build a house on the property.  This agreement does not comply with the statute of frauds.  In addition, Rosendahl acknowledges that she cannot satisfy any of the three elements of the part performance exception to the statute of frauds.  But Rosendahl argues that the three factors for part performance merely are guiding parameters and that application of part performance must rest on the facts and circumstances of the case.

However, Rosendahl has not identified any evidence in addition to the three elements that would support a finding of part performance here. Therefore, we conclude that the statute of frauds bars her breach of contract claim. Accordingly, we hold that the trial court did not err in granting summary judgment in favor of Justice on Rosendahl's breach of contract claim.

C.      UNJUST ENRICHMENT

Rosendahl argues that the trial court erred by granting summary judgment on her claim for unjust enrichment. Rosendahl claims that questions of material fact remain regarding the existence of an oral agreement with Justice, which support an unjust enrichment claim. Justice argues that the evidence is insufficient to support the unjust enrichment claim and that the statute of frauds bars the claim. We agree with Rosendahl.

1.   Legal Principles

An unjust enrichment claim is based on an implied contract between the parties. *Lavington v. Hillier*, 22 Wn. App. 2d 134, 143, 510 P.3d 373, *review denied*, 200 Wn.2d 1010 (2022). "The cause of action allows a plaintiff to recover for the value of a benefit the defendant retained even though there is no formal contractual relationship, based on equity and fairness." *Id.* at 143-44. An unjust enrichment claim has three elements: " '(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment.' " *Id.* at 144 (quoting *Young v. Young*, 164 Wn.2d 477, 484-85, 191 P.3d 1258 (2008)). The first element requires the plaintiff to confer a benefit on the defendant. *Lavington*, 22 Wn. App. 2d at 144.

However, enrichment alone is not enough – it is essential that the enrichment be unjust both under the circumstances and as between the parties to the transaction. *Norcon Builders, LLC v. GMP Homes VG, LLC*, 161 Wn. App. 474, 490, 254 P.3d 835 (2011). The mere fact that

the defendant has benefitted from the plaintiff does not justify recovery. *Id.* Unjust enrichment applies only if the circumstances make it unjust for the defendant to keep the benefit without compensation. *Id.*

> 2. Existence of Oral Agreement

The summary judgment materials created a genuine issue of fact as to whether Justice orally agreed to convey the property back to Rosendahl if Justice did not build a house on the property. Rosendahl's interrogatory answers outlined the agreement: "The agreement was that Ms. Justice was going to build a home on the property for her to live in and, if she did not do so, she was to give the property back to me." CP at 101. Rosendahl elaborated in her declaration:

> [Justice] explored building a house on the property and told me she could only do it if the parcel was in her name, and to have my name even partially still on it would cause issues with getting the financing she needed. I discussed with her that I was perfectly fine doing that so long as she built there – and if at any point she decided not to build there, she would transfer the parcel back to me. *She stated that this was her agreement.*

CP at 42 (emphasis added). And Celia Rosendahl stated that Justice's conversations with her consistently stated that "if anything were to not work out, [Justice] would transfer [the property] back to my mother." CP at 47.

Justice argues that the declarations of Rosendahl and Celia Rosendahl cannot create a question of fact regarding the existence of an oral agreement because they are conclusory and are not sufficiently detailed. However, the declarations present evidence, not conclusions. Both Rosendahl and Celia Rosendahl stated that Justice told them that she agreed to convey the property back to Rosendahl if she did not build a house on the property. Both have first-hand knowledge of these conversations and are competent to testify about them. And Justice does not explain what more detail would be required to establish the alleged oral agreement.

Justice also argues that the conveyance of the property to her was a gift, not the subject of an oral agreement. She relies on the language of the quitclaim deed, which stated that the consideration for the conveyance was "love & affection." CP at 119. However, if Rosendahl's testimony is true – which we must assume on summary judgment – the conveyance of the property was not an unconditional gift. Justice agreed that she would convey the property back to Rosendahl if she did not build a house on the property.

Finally, Justice argues that Rosendahl's statement on the REETA that the conveyance of the property was made without consideration precludes her from arguing that the conveyance was conditioned on the alleged oral agreement. Justice relies on the general rule that a party cannot create a question of fact by submitting a declaration that contradicts, without explanation, previous clear testimony. *Haley v. Amazon.com Servs., LLC*, 25 Wn. App. 2d 207, 227, 522 P.3d 80 (2022).

However, even if this rule applies to a sworn document like a REETA, for the rule to apply the declaration must directly contradict the previous testimony. *Id.* at 228. And if the declaration provides an explanation for the apparent inconsistency, the rule is inapplicable and the trier of fact must determine the plausibility of the explanation. *Id.*

Here, the REETA was not directly contradictory to Rosendahl's claim in her declaration that Justice agreed to convey the property back to her. And Rosendahl did provide an explanation for why she stated "gift without consideration" on the REETA. Rosendahl stated that the statement was accurate because no money changed hands, and there was no way to place a value on Justice's agreement to convey the property back to Rosendahl if Justice did not build a house on the property. Whether this explanation is plausible is for the trier of fact to decide.

We conclude that questions of material fact exist as to whether Rosendahl had an oral agreement that Justice would convey the property back to Rosendahl if Justice did not build a house on the property.

3.    Effect of Statute of Frauds

Justice argues that even if the evidence is sufficient to establish the elements of unjust enrichment, the statute of frauds bars Rosendahl's unjust enrichment claim. We disagree, under the specific facts of this case.

We agree that a promisee [here, Rosendahl] generally cannot use unjust enrichment to obtain the benefit of a unilateral oral agreement to convey real property. If a promisor [here, Justice] orally agrees to convey real property to the promisee without receiving any consideration from the promisee and then breaches that agreement, as stated above that oral agreement would be unenforceable under the statute of frauds. *See Firth*, 146 Wn.2d at 614–15. And unjust enrichment would not apply because the promisee has not conferred a benefit on the promisor at the promisee's expense, two of the elements of unjust enrichment. *Lavington*, 22 Wn. App. 2d at 144.

But here, viewing the evidence in a light most favorable to Rosendahl, there was more than a mere unilateral oral agreement. Rosendahl conveyed the property to Justice contingent on Justice's oral agreement that she would convey the property back to Rosendahl if she did not build a house on the property. This means that Rosendahl did confer a benefit on Justice at Rosendahl's expense – she conveyed the property that she owned to Justice to allow Justice to build a house on the property. Therefore, viewing the evidence in a light most favorable to Rosendahl, the first two elements of unjust enrichment are satisfied.

10

Section 31(1) of the *Restatement (Third) of Restitution and Unjust Enrichment* (Am. L. Inst. 2010) states, "A person who renders performance under an agreement that cannot be enforced against the recipient by reason of . . . (b) the failure to satisfy an extrinsic requirement of enforceability such as the Statute of Frauds, has a claim in restitution against the recipient as necessary to prevent unjust enrichment." A comment to that section states, "Restitution is the traditional recourse of persons who have performed contracts that are unenforceable . . . for lack of a signed writing satisfying the Statute of Frauds." RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 31 cmt. f.[1]

We conclude that the statute of frauds does not bar an unjust enrichment claim under these circumstances, where a person has conferred a benefit on someone subject to that person's contingent oral agreement.

4.    Unjust Enrichment Analysis

Here, viewing the evidence in the light most favorable to Rosendahl, the first two elements of unjust enrichment are satisfied. Rosendahl conferred a benefit on Justice at Rosendahl's expense – she conveyed the property that she owned to Justice to allow Justice to build a house on the property. The only issue here involves the third element – whether it would be unjust for Justice to keep the property without payment when Justice did not build a house on the property.

Depending on the evidence presented at trial, Justice's retention of the property may be unjust. But we cannot make that determination on this record. We conclude that questions of material fact exist regarding whether Justice's retention of the property would be unjust under

---

[1] The Supreme Court cited to comment f of section 31 in *Kofmehl v. Baseline Lake, LLC*, 177 Wn.2d 584, 596 n.2, 305 P.3d 230 (2013).

the circumstances of this case. Therefore, we hold that the trial court erred in granting summary judgment and dismissing Rosendahl's unjust enrichment claim, and we remand to the trial court for further proceedings regarding that claim.

D.    CONSTRUCTIVE TRUST

Rosendahl argues that the trial court erred by granting summary judgment on her claim for constructive trust. She claims that there was a genuine issue of fact regarding the existence of an oral agreement and that a claim for constructive trust does not require compliance with the statute of frauds. Justice argues that the constructive trust claim is barred by the statute of frauds. We agree with Rosendahl.

1.    Legal Principles

Under certain circumstances, courts will intervene and impose a constructive trust to compel the legal owner of property to convey title to another person who justly deserves it. *Baker v. Leonard,* 120 Wn.2d 538, 547, 843 P.2d 1050 (1993). " 'A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.' " *Dave Johnson Ins., Inc. v. Wright,* 167 Wn. App. 758, 773, 275 P.3d 339 (2012) (quoting *Baker,* 120 Wn.2d at 547-48). Unjust enrichment exists when a person retains money, property, or benefits "that in justice and equity belong to another." *Dave Johnson Ins.,* 167 Wn. App. at 773.

Generally, imposition of a constructive trust is based on "fraud, misrepresentation, bad faith, or overreaching." *Baker*, 120 Wn.2d at 547. However, courts can impose constructive trusts in broader circumstances, including when the title to real property has been obtained through " 'undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means or under any other similar circumstances which render it

unconscientious for the holder of the legal title to retain and enjoy the beneficial interest.' "

*Baker,* 120 Wn.2d at 547 (quoting *Kausky v. Kosten,* 27 Wn.2d 721, 728, 179 P.2d 950 (1947)).

The court in *Baker* suggested that there must be some type of wrongdoing on the part of the defendant to support a constructive trust. *Baker,* 120 Wn.2d at 548. However, the Supreme Court earlier had stated, "A constructive trust may arise *even though acquisition of the property was not wrongful*. It arises where the retention of the property would result in the unjust enrichment of the person retaining it." *Scymanski v. Dufault*, 80 Wn.2d 77, 89, 491 P.2d 1050 (1971) (emphasis added). Division One of this court quoted that language in *In re Marriage of Lutz*, 74 Wn. App. 356, 368, 873 P.2d 566 (1994). And in *Dave Johnson Insurance*, this court cited *Baker* for the following proposition: "Although constructive trusts are most appropriate in situations involving fraud, misrepresentation, or undue influence, courts can impose them in broader circumstances *not involving wrongdoing*." 167 Wn. App at 774 (emphasis added).

An earlier case stated as follows:

[A]lthough evidence of the oral contract is not admissible for the purpose of enforcing the contract, it is admissible to show the circumstances under which the transferee received the land and to show that he would be unjustly enriched if he were permitted to keep it. The transferor is entitled to specific restitution, and the transferee holds the land transferred to him upon a constructive trust for the transferor. This is true whether or not the transfer was procured by fraud of the transferee.

*Engler v. Tucker*, 60 Wn.2d 780, 783, 375 P.2d 497 (1962).

Constructive trusts arising in equity can be imposed only when supported by clear, cogent, and convincing evidence. *Dave Johnson Ins.,* 167 Wn. App. at 774. Under this standard, the evidence must show that the fact at issue is highly probable. *Id.*

2.    Existence of Oral Agreement

As discussed above, the summary judgment materials created an issue of material fact as to whether Justice orally agreed to convey the property back to Rosendahl if she did not build a house on the property. The existence of this alleged oral agreement provides the basis for Rosendahl's constructive trust claim.

3.    Effect of Statute of Frauds

As with unjust enrichment, Justice argues that even if the evidence is sufficient to establish a constructive trust, the statute of frauds bars Rosendahl's constructive trust claim. However, the Supreme Court long ago held that the statute of frauds "do[es] not preclude the use of parol evidence to establish a constructive trust." *Dowgialla v. Knevage*, 48 Wn.2d 326, 333, 294 P.3d 393 (1956); *see also Engler*, 60 Wn.2d at 782-83. In other words, Justice's oral promise – parol evidence – may be used to establish a constructive trust. Therefore, we reject this argument.

4.    Constructive Trust Analysis

Here, there is no evidence that Justice misrepresented her intent to build a house on the property if Rosendahl conveyed it to her. As a result, even viewing the evidence in a light most favorable to Rosendahl, Justice's acquisition of the property was not "wrongful."

However, we agree with this court in *Dave Johnson Insurance* and conclude that a court can impose a constructive trust in circumstances not involving wrongdoing. 167 Wn. App at 774. As noted in *Baker*, the focus of the constructive trust remedy is avoiding unjust enrichment. 120 Wn.2d at 547-48. This conclusion is consistent with the *Restatement*: "If a defendant is unjustly enriched by the acquisition of title to identifiable property at the expense of the claimant or in violation of the claimant's rights, the defendant may be declared a constructive trustee for

14

the benefit of the claimant, of the property in question." RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 55(1). Using the language of *Baker*, a constructive trust can arise under " 'circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest.' " *Baker,* 120 Wn.2d at 547 (quoting *Kausky,* 27 Wn.2d at 728).

Viewing the evidence in a light most favorable to Rosendahl, Justice orally agreed to return the property to Rosendahl if she did not build a house on the property. And depending on the evidence presented at trial, Justice's retention of the property may result in unjust enrichment. But as noted above, we cannot make that determination on this record. We conclude that questions of material fact exist regarding whether the trial court can impose a constructive trust under the circumstances of this case. Therefore, we hold that the trial court erred in granting summary judgment and dismissing Rosendahl's constructive trust claim, and we remand to the trial court for further proceedings regarding that claim.

E.      QUIET TITLE CLAIM

Rosendahl argues that the trial court erred in dismissing her quiet title claim. We agree based on our holding above regarding the constructive trust claim.

A quiet title action is equitable and is designed to resolve competing ownership claims to property. *Bavand v. OneWest Bank, FSB*, 176 Wn. App. 475, 502, 309 P.3d 636 (2013). RCW 7.28.010 states,

> Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title.

RCW 7.28.120 further provides that in a quiet title action, "[t]he plaintiff . . . shall set forth in his or her complaint the nature of his or her estate, claim, or title to the property, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail."

Rosendahl acknowledges that she is seeking only damages regarding her unjust enrichment claim. Therefore, that claim does not implicate title to the property.

However, one remedy for a constructive trust is a return of the property to the original owner. The *Restatement* states, "The obligation of a constructive trustee is to surrender the constructive trust property to the claimant, on such conditions as the court may direct." RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 55(2).

This means that if Rosendahl prevails on the constructive trust claim, one potential remedy would be to require Justice to convey the property back to Rosendahl and quiet title in Rosendahl. Therefore, we hold that the trial court erred in granting summary judgment and dismissing Rosendahl's quiet title claim, and we remand the quiet title claim to the trial court for further proceedings.

CONCLUSION

We affirm the trial court's grant of summary judgment in favor of Justice regarding the breach of contract claim, but we reverse the trial court's grant of summary judgment in favor of Justice regarding the unjust enrichment, constructive trust, and quiet title claims and remand for further proceedings regarding those claims.

16

No. 58300-3-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
LEE, J.

_____
VELJACIC, J.